NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NAYELI MARTINEZ AGUILAR; et al.,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-72697

Agency Nos.    A206-913-703
A206-913-704
A206-913-705

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Nayeli Martinez Aguilar and her two children, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' order dismissing

their appeal from an immigration judge's ("IJ") decision denying their application

for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's conclusion that petitioners' past harm in Mexico did not rise to the level of past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("although it may have been *possible* for the IJ to conclude that the threats were sufficiently serious and credible to rise to the level of persecution, we cannot say the evidence *compels* the conclusion"). Substantial evidence also supports the agency's determination that petitioners did not establish a well-founded fear of future persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, petitioners' asylum claim fails.

In this case, because petitioners failed to establish eligibility for asylum, they failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Aguilar failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject Aguilar's

17-72697

contention that the IJ erred in conducting the CAT analysis.

**PETITION FOR REVIEW DENIED.**